IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                    CRIMINAL ACTION NO. 2:21-cr-00172-14

DOUGLAS JOHNATHAN WESLEY

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's Motion for Judgment of Acquittal or, Alternatively, Motion for a New Trial. [ECF No. 445]. The motion is **DENIED**.

A trial court should deny a motion for judgment of acquittal if the conviction is supported by substantial evidence. *United States v. Hickman*, 626 F.3d 756, 762–63 (4th Cir. 2010). That is to say, the motion should be denied when "viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). The government is entitled to the benefit of all reasonable inferences in the determination of whether to grant a motion for judgment of acquittal. *Id.* In making this determination, a trial court should not consider the credibility of witnesses. *United States v. Singh*, 54 F.3d 1182, 1186 (4th Cir. 1995).

A trial court has more latitude in determining whether to grant a motion for new trial. A district court may grant a new trial in the interest of justice. *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985). A trial court's discretion, however, should be exercised sparingly, and "a new trial should be granted only when the evidence weighs heavily against the verdict." *Id.* at 1486.

In his motion, the defendant claims, without any additional argument or support, that the government "has failed to produce sufficient evidence for any rational juror [to] conclude that there is proof beyond a reasonable doubt that Mr. Wesley was found guilty." [ECF No. 445, at 2]. I presume the defendant intended to argue that the government failed to provide sufficient evidence from which a jury could determine that Mr. Wesley, a felon, possessed a firearm in violation of 18 U.S.C. § 922(g)(1). As the government explained in its response [ECF No. 452], the evidence at trial was certainly sufficient.

To convict a defendant of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), the government was required to prove beyond a reasonable doubt that at the time of the alleged offense: (1) the defendant was previously convicted of a felony, that is, a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knew he had been convicted of a felony; (3) the defendant's right to possess a firearm had not been restored; (4) the defendant knowingly possessed a firearm; and (5) the possession was in or affecting commerce, because the firearm had traveled in interstate commerce. In this case, the Defendant stipulated to every element except knowing possession of the Sig Sauer .40 caliber pistol. At

trial, the government presented testimony from two of the defendant's co-conspirators who testified that they, along with defendant and another man, were knowing participants in a plot to commit murder and that each of them, including the defendant, possessed firearms which they intended to use in the commission of that crime. Further, the co-conspirators testified to having observed the defendant possess the Sig Sauer pistol while riding together in a vehicle on their way to commit the murder. This testimony was corroborated by video surveillance of the men in the vehicle at the time of the murder plot, the testimony of law enforcement officers as to the plot and their efforts to stop it, as well as to the lawful seizure of the vehicle and subsequent search which revealed multiple firearms, including the Sig Sauer in question here. The evidence at trial showed that the Sig Sauer was found in the vehicle next to the defendant's cell phone, both of which were beside the seat the defendant occupied. This was more than substantial evidence from which a rational juror could return a guilty verdict.

Therefore, I find that the Motion for Judgment of Acquittal must be **DENIED**. Further, given the weight of the evidence adduced at trial, I find that the interests of justice do not require a new trial. The Motion [ECF No. 445] is **DENIED.** The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:        August 16, 2022

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

3